E. Robert Spear (8672)
LAW OFFICE OF ROBERT SPEAR
3654 North Rancho Drive
Las Vegas, Nevada 89130
Telephone: (702) 750-0571
Facsimile: (702) 750-0572
email: rspear@spearlegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARTIN S. ROOD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR F. NELSON, an individual; DON FOSTER SCOGGINS, an individual; JACK P. GILLESPIE, an individual; APPRAISERS OF LAS VEGAS, a Nevada corporation; DOES 1 through 5, and ROE CORPORATIONS 1 through 5,<br><br>Defendants. | Case No.: 2:12-cv-00893-GMN-RJJ<br><br>**MOTION TO SERVE SUMMONS AND COMPLAINT BY PUBLICATION ON ARTHUR F NELSON** |

Plaintiff Martin S. Rood through his counsel the Law Office of Robert Spear moves this Court for an order allowing service of the summons and complaint on Defendant Arthur F. Nelson and for an appropriate extension of time of about sixty (60) additional days to allow for service on Mr. Nelson by publication. Plaintiff moves this Court pursuant to Federal Rule of Civil Procedure 4 based upon the facts set forth in the points and authorities below, the

/ / /

/ / /

/ / /

/ / /

pleadings and papers on file herein, the affidavit of E. Robert Spear attached hereto, and based upon any arguments of counsel that this Court may choose to entertain should this Court wish to set this motion for hearing.

Dated this 1st day of November, 2012.

/s/ E. Robert Spear

E. Robert Spear (8672)
LAW OFFICE OF ROBERT SPEAR
3654 North Rancho Drive
Las Vegas, Nevada 89130

*Attorneys for Plaintiff*

# POINTS AND AUTHORITIES

**1. FACTUAL BACKGROUND.**

Plaintiff Martin S. Rood filed his complaint in this action on May 25, 2012. Since that date, Plaintiff has attempted to serve each of the Defendants in this action. To date, undersigned counsel has through various means obtained service of the summons and complaint on Defendant Jack P. Gillespie, on Defendant Appraisers of Las Vegas (by means of service through the Nevada Secretary of State Office), and most recently on Defendant Don Foster Scoggins on September 17, 2012 in Atlanta, Georgia.

Plaintiff has sought to serve the summons and complaint on Defendant Arthur F. Nelson, but has not as yet obtained service on him despite fifteen attempts to serve him at the address Plaintiff has for him in Newport Beach, California.

The date for service of process on Mr. Nelson has not yet passed. On August 29, 2012, this Court entered an order granting Plaintiff's motion to extend time to serve summons and complaint on Don Foster Scoggins and Arthur F. Nelson, giving Plaintiff until December 21, 2012 to serve Defendants Mr. Scoggins and Mr. Nelson. This motion is Plaintiff's second motion related to service of process on Defendant Mr. Nelson.

**2. LEGAL ARGUMENTS.**

**A. Plaintiff should be allowed to serve Mr. Nelson by publication.**

Federal Rule of Civil Procedure 4(e) provides that service of a summons and complaint within a judicial district of the United States is to be made as follows:

> Unless federal law provides otherwise, an individual- other than a minor, an incompetent person, or a person whose waiver has been filed- may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court

> is located or where service is made....

Nevada Rule of Civil Procedure 4(e)(1)(i) provides that a defendant may be served by publication as follows:

> In addition to methods of personal service, when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons. Provided, when said affidavit is based on the fact that the party on whom service is to be made resides out of the state, and the present address of the party is unknown, it shall be a sufficient showing of such fact if the affiant shall state generally in such affidavit that at a previous time such person resided out of this state in a certain place (naming the place and stating the latest date known to affiant when such party so resided there); that such place is the last place in which such party resided to the knowledge of affiant; that such party no longer resides at such place; that affiant does not know the present place of residence of such party or where such party can be found; and that affiant does not know and has never been informed and has no reason to believe that such party now resides in this state; and, in such case, it shall be presumed that such party still resides and remains out of the state, and such affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant. This rule shall apply to all manner of civil actions, including those for divorce.

Here, the facts support allowing Plaintiff to serve Mr. Nelson by publication.

• Based on the best knowledge Plaintiff can find, Mr. Nelson resides in the State of California, having left the State of Nevada sometime after the facts set forth in the Complaint (docket #1) and the First Amended Complaint (docket #17).

• Plaintiff has exercised due diligence to find Defendant Mr. Nelson as set forth in the

motion to extend time to serve summons and complaint on Don Foster Scoggins and Arthur F. Nelson (docket #23) and in this motion and the attached affidavit of E. Robert Spear and the attached affidavit of the process server, Richard Martin. Despite these efforts, Plaintiff has been unable to obtain service of process on Defendant Arthur F. Nelson.

• Plaintiff has a cause of action against Mr. Nelson as set forth in the First Amended Complaint and as set forth in the affidavit of Plaintiff Mr. Rood attached to this motion.

• Mr. Nelson is a necessary party to this action. Mr. Nelson was a signatory appraiser to the appraisal that is the basis of Plaintiff's complaint, and which Plaintiff alleges was negligently performed by each of the Defendants.

**B. Plaintiff requests an additional thirty (30) days for service of process by publication on Mr. Nelson.**

Federal Rule of Civil Procedure 4(m) governs extensions of time for service of the summons and complaint in a case. This rule states in pertinent part as follows:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....[1]

"When entertaining a motion to extend time for service, the district court must proceed in the following manner. First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended."[2]

---

[1] See Fed. R. of Civ. Proc. 4(m).

[2] *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. Pa. 1995).

Here, Plaintiff believes he has shown good cause for his failure to serve Defendant Arthur F. Nelson. Plaintiff and undersigned counsel have diligently sought to find this individuals as described in this motion. Despite these efforts, Plaintiff has yet to serve Mr. Nelson. Even though the date for service of the summons and complaint will not pass until December 21, 2012, Plaintiff has filed this motion out of an abundance of caution in light of the difficulty Plaintiff has had locating Mr. Nelson and out of an abundance of caution to allow for sufficient time to obtain the order approving the motion and serving by publication. Plaintiff may also need time to substitute a new Defendant into this action, the estate of Mr. Nelson, prior to proceeding. Accordingly, Plaintiff requests an about additional sixty (60) days in addition to the time already provided by this Court, or until February 20, 2013.

**3. CONCLUSION.**

Based upon the foregoing, Plaintiff requests that this Court issue an order allowing service of the summons and complaint on Defendant Aruthur F. Nelson by publication and for about an additional sixty (60) days in addition to the time already provided by this Court, or until February 20, 2013, to serve Defendant Arthur F. Nelson.

Dated this 1st day of November, 2012.

/s/ E. Robert Spear
E. Robert Spear (8672)
LAW OFFICE OF ROBERT SPEAR
3654 North Rancho Drive
Las Vegas, Nevada 89130
*Attorneys for Plaintiff Martin S. Rood*

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
DATED: November 5, 2012

**CERTIFICATE OF SERVICE**

Pursuant to FRCP, I certify that I am an employee of LAW OFFICE OF ROBERT SPEAR, and that on this 1st day of November, 2012, I caused the above and foregoing document entitled: **MOTION TO SERVE SUMMONS AND COMPLAINT BY PUBLICATION ON ARTHUR F NELSON** to be served as follows:

[ X ] by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

[ ] by facsimile transmission to the facsimile number(s) shown below and in the confirmation sheet filed herewith; and/or

[ ] to be hand-delivered; to the attorneys listed below at the address and/or facsimile number indicated below:

Steven Don Bennion , Jr.
BLACK & LOBELLO
10777 W Twain Ave 300
Las Vegas, NV 89135
Attorneys for Defendant

/s/ Sean A. Waugh
An employee of Law Office of Robert Spear